**\*E-FILED 08-03-2010\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHEN MORA, | No. C10-02855 HRL |
| Plaintiff, | **ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE** |
| v. | |
| STATE BAR OF CALIFORNIA; ERIK KEMP, ESQ.; ROY C. GUNTER, ESQ.;QUALITY LOAN; LITTON LOAN SERVICER; RICHARD MCMAHAN; CORALEE MCMAHAN; COUNTY OF MONTEREY SUPERIOR COURT; MONTEREY SHERIFF DEPARTMENT; MONTEREY COUNTY LEVYING OFFICER; LITTON LOAN SERVICING LP; LITTON CONSUMER AND CORPORATE SERVICING LLC; LITTON MORTGAGE SERVICING; GOLDMAN SACH BANK U.S.A, | **REPORT AND RECOMMENDATION**<br><br>[Re: Docket No. 2] |
| Defendants. / | |

Presently before the court is plaintiff's application to proceed in forma pauperis. A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the plaintiff's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745

1   F.2d 1221, 1226-27 n.5 (9th Cir. 1984).  Plaintiff's application indicates that his assets and
2   income are insufficient to enable him to prosecute this action.  Accordingly, his application to
3   proceed without the payment of the filing fee is granted.

4   However, the court's grant of plaintiff's IFP application does not mean that he may
5   continue to prosecute his complaint.  A court may dismiss a case filed without the payment of
6   the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to
7   state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant
8   who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  "If the court determines at
9   any time that it lacks subject-matter jurisdiction, the court must dismiss the action."
10  FED.R.CIV.P. 12(h)(3).

11  Here, plaintiff's complaint arises out of a series state court actions concerning a dispute
12  over title to certain real property.  The record presented indicates that plaintiff apparently has
13  suffered an adverse judgments at both the trial and appellate levels.  Although plaintiff asserts
14  that defendants have committed constitutional and RICO violations (Complaint at 1, 7), there
15  are no facts alleged to support plaintiff's conclusion that any such abuses have occurred.
16  Instead, plaintiff essentially seeks federal review of the state court matters.  Under the *Rooker-*
17  *Feldman* doctrine, however, a federal district court lacks subject matter jurisdiction to review
18  the final determinations of a state court in judicial proceedings.  *Noel v. Hall*, 341 F.3d 1148,
19  1154 (9th Cir. 2003).

20  Accordingly, IT IS ORDERED THAT the Clerk of the Court shall reassign this case to a
21  district court judge.  The undersigned further RECOMMENDS that the newly-assigned judge
22  dismiss this action for lack of subject matter jurisdiction.

23  SO ORDERED.

24  Dated:    August 3, 2010

26  HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

2

1  5:10-cv-02855-HRL Notice mailed to:

2  Stephen Mora
   PO Box 1480
3  Castroville, CA 95012

**United States District Court**
For the Northern District of California

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28